**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 7, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-41573
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISRAEL CORTEZ, III,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-259-1
--------------------

Before JOLLY, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Israel Cortez, III, appeals from his conviction for transporting illegal aliens within the United States for financial gain. He argues that (1) his rights under the Confrontation Clause were violated by testimony adduced from a Border Patrol agent regarding the aliens' pick-up location; (2) the district court abused its discretion by excluding from evidence the immigration interview files of the 18 deported alien

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

witnesses; and (3) the pre-trial deportation of those 18 illegal aliens violated his rights under the Fifth and Sixth Amendments.

We need not determine whether the testimony adduced by Agent Bustamante violated Cortez's rights under the Confrontation Clause, because we find that it was harmless. See United States v. Edwards, 303 F.3d 606, 623 (5th Cir. 2002), cert. denied, 123 S. Ct. 1272 (2003). The prosecution's case against Cortez was strong. Even absent the contested testimony, the evidence wholly refuted Cortez's theory of the case, and defense counsel extensively cross-examined Bustamante on this issue.

Cortez contends that the district court abused its discretion in excluding the files of the 18 deported aliens from evidence by virtue of erroneously applying FED. R. EVID. 803(8)(B). Our review of the trial transcript, however, reveals that the district court's evidentiary ruling was not based on an application of Rule 803(8)(B); rather, it was based on a determination that the standardized questions asked of the aliens were too generalized for their answers to be used as contradictory evidence of where Cortez's trailer had picked up the aliens. And, as Cortez does not assign error to this ruling by the district court, he has waived its review. See United States v. Valdiosera-Godinez, 932 F.2d 1093, 1099 (5th Cir. 1991).

As for the pre-trial deportation of the remaining aliens, we hold that Cortez's Fifth and Sixth Amendment rights were not violated, because Cortez has failed to make a plausible showing

2

that their testimony would have been material and favorable to his defense.  See <u>United States v. Perez</u>, 217 F.3d 323, 326 (5th Cir. 2000).

AFFIRMED.